IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MILTON HILL**
4110 Belt Road
Capital Heights MD 20743
    Plaintiff          )
                                  )

**v.**                             )    1:06 cv 01233(JB)
                                  )

**DIRK KEMPTHORNE, Secretary** )
U.S. Department of the    )
Interior
    Defendant


**AMENDED COMPLAINT**


1. This is an action brought by an individual, Milton Hill, against his former employer, the United States Department of the Interior, on the grounds that he was subjected to discrimination on the basis of his race (African - American) sex (male), and reprisal for prior EEO activity.

2. By this action, Plaintiff seeks monetary relief for lost wages from July 1999 to July 2002, damages to his disability retirement annuity from July 2002 to December 2006, damages to his regular retirement annuity after December 2006, and reasonable attorney's fees.

**JURISDICTION**

3. Stationary authorization to hear this case is based upon Title 7 of the 1964 Civil Rights Act, 42 USC 2000e-16 and 42 USC 2000e-3, along with the Civil Rights Act of 1991 42 USC 1981.

4. All necessary conditions for the filing of this action have been met by the Plaintiff. Plaintiff sought EEO counseling, filed a formal complaint of discrimination, and otherwise exhausted his administrative remedies in a case administratively designated as EEOC 100 2002 07056X and Agency LLM 00 042 which involves the subject matter of this action. A hearing was scheduled before the EEOC on July 11, 2006.

**PARTIES**

5. Plaintiff is an individual who began work in the federal government with the Department of Agriculture in 1970. After a tour of duty with the United States Army in Vietnam, he retained to the Department of Agriculture and remained there until 1984. Plaintiff was a civilian employee of the Department of Defense from 1984 until 1990 when he began work with the Department of the Interior as a GS 14

Senior Business Management Analyst. He remained with the Department of the Interior until July 2002 when kidney failure forced him to seek and obtain a disability retirement.

6.  Defendant is an agency of the United States Government

### CLAIMS

7.  **COUNT 1 - PERFORMANCE APPRAISAL FABRICATION**

In September 1999, management officials allowed Plaintiff's co-workers and peers to have input into his performance appraisal which negatively impacted his appraisal such that he did not receive an annual award for that year. At the EEOC, this claim was designated as allegations 7 and 8. The Office of Federal Operations (OFO) found that Plaintiff established a prima facia care of discrimination based upon reprisal because these actions occurred within several months of his EEO contact. A hearing was ordered on this issue.

8.  **COUNT 2 - TRAVEL FUND REFUSAL**

In September 1999, management officials refused to

provide Plaintiff with travel vouchers and funds to perform his job and tasks. At the EEOC, this claim was designated as allegation 9. The OFO found that Plaintiff established a prima facia case of discrimination based upon reprisal because his supervisors were aware of his prior EEO activity and the allegation occurred within a time frame such that a reasonable inference of nexus could be made. The OFO also found that the Agency did not provide a nondiscriminatory explanation for its action. A hearing was ordered on this issue.

9.   **COUNT 2 - CAREER TRAINING REFUSAL**

In November 1999, management officials refused to allow Plaintiff to apply for career enhancing/ growth training. At the EEOC, this claim was designated as allegation 6. The OFO found that Plaintiff established a prima facia case of discrimination based upon refined because his supervisors were aware of his prior EEO activity and that the allegation occurred within a time frame such that a reasonable inference of nexus could be made. The OFO also found that the agency failed to provide a nondiscriminatory reason for its action. A hearing was ordered on this issue.

**10.   COUNT 4 - CAREER INHIBITING ASSIGNMENTS**

In December 1999, management officials assigned Plaintiff to non career enhancing details and jobs, without his approval and without consulting him. At the EEOC, this claim was designated as allegation 12. The OFO found that Plaintiff established a prima facia case of discrimination based upon reprisal because his supervisors were aware of his prior EEO activity and that the allegation occurred within a time frame such that a reasonable inference of nexus could be made. The OFO also found that the agency failed to provide a nondiscriminatory reason for its action. A hearing was ordered on this issue.

**11.   COUNTS - CAREER INHIBITING JOB BLOCKING/ STEERING**

In December 1999, management officials deliberately attempted to either Plaintiff away from career enhancing assignments. At the EEOC, this claim was designated as allegation 13. The OFO found that Plaintiff established a prima facia case of discrimination based upon reprisal because his supervisor's were aware of his prior EEO activity and that the allegation occurred within a time frame such that a reasonable inference of nexus could be

made. The OFO also found that the agency failed to provide a nondiscriminatory reason for its action. A hearing was ordered on this issue.

### 12. COUNT 6 - CAREER INHIBITING TRAINING REFUSAL

In August 2000, management officials allowed others, not in Plaintiff's claim of command to negatively impact his career. This happened when Phyllis Thompson who participated in the review of his request for training expressed racist and sexist views of the Plaintiff which influenced Nina Hatfield's decision to deny the request. At the EEOC, this claim was designated as allegation 11. The OFO ordered a hearing on this issue.

### 13. COUNT 7 - NON SELECTION WO 99 - 015

IN January 2000, Plaintiff was not selected for a Supervisory Personnel Specialist position GS 14, advertised under vacancy announcement No. WO 99 015. At the EEOC, this claim was designated as allegation 4, the OFO found that Plaintiff has established a prima facia case of discrimination based upon retaliation and that the selecting official, upon becoming aware that Plaintiff applied for the position, rewrote the job description to fit the selectee's qualifications. The OFO also found that Plaintiff had

- 6 -

established a prima facia of pretext because his qualifications were plainly superior. The OFO ordered a hearing on this issue.

### 14. COUNT 8 - REFUSAL TO SUBMIT APPLICATION

In November 1999, management officials refused to submit Plaintiff's application for the position of Assistant BLM director Eastern States Office. At the EEOC, this claim was designated as allegation 15. The OFO found that Plaintiff established a prima facia case of discrimination based upon reprisal because his supervisors were aware of his prior EEO activity and that the allegation occurred within a time frame such that a reasonable inference of nexus could be made. The OFO also found that the agency failed to provide a nondiscriminatory reason for its action. A hearing was ordered on this issue.

WHEREFORE, Plaintiff requests (i) lost wages and other monetary relief as set forth in paragraph 2, (ii) compensatory damages, (iii) out of pocket costs and expenses, (iv) reasonable attorney's fees; the amount of all monetary damages not to exceed $750,000, the precise amount to determined at the requested trial by jury and other further relief as the case may require.

Milton Hill
By Counsel

_____
Stephen Scavuzzo ( 318279 )
380 Maple Avenue West
Suite 207
Vienna VA 22180
703 319 8770

This ___5th___ day of October, 2006