UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON HILL, Plaintiff,

v.                                          Civil Action No. 06-1233 (JB)

DIRK KEMPTHORNE, Defendant.

DEFENDANT'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT

Defendant, Dirk Kempthorne, Secretary, U.S. Department of the Interior ("DOI"), by and through undersigned counsel, hereby answers Plaintiff's complaint as follows:

First Defense

To the extent that the Complaint alleges actions and issues not timely brought to the Agency's Office of Civil Rights, Plaintiff has failed to appropriately exhaust administrative remedies.

Second Defense

The Complaint fails to state a claim upon which relief may be granted.

Third Defense

Plaintiff's claims are barred by the statute of limitations as he failed to: exhaust his administrative remedies.

Fourth Defense

To the extent Plaintiff's demand for $750,000 includes a demand for punitive damages, such demand should be stricken because there is no right to punitive damages under Title VII of the Civil Rights Act of 1964, as amended.

1

Fifth Defense

Defendant has not discriminated against or retaliated against Plaintiff.

Sixth Defense

Plaintiff is not entitled to back pay or front pay in this case.

Seventh Defense

Defendant answers the numbered paragraphs of Plaintiff's Amended Complaint, using the same numeration, as follows:

1. Paragraph 1 contains Plaintiff's characterization of his action to which no answer is required, but insofar as an answer is deemed to be required, paragraph 1 is denied.

2. Paragraph 2 contains Plaintiff's characterization of his action to which no answer is required, but insofar as an answer is deemed to be required, paragraph 2 is denied.

Jurisdiction

3. Paragraph 3 contains Plaintiffs jurisdictional statement to which no answer is required, but insofar as an answer is deemed to be required, paragraph 3 is denied.

4. Deny, except to aver that Plaintiff withdrew his EEOC complaint on July 10, 2006, approximately one day before the EEOC hearing scheduled for July 11, 2006, and no EEOC hearing was conducted on his allegations of discrimination.

Parties

5. Paragraph 5 contains Plaintiffs characterization of his action to which no answer is required, but insofar an answer is deemed to be required, paragraph 5 is denied.

6. Defendant admits that the United States Department of the Interior is an agency of the Federal government.

2

Claims

Count 1- Performance Appraisal Fabrication

7. Deny the first sentence of paragraph 7.  Admit the second sentence that the Equal

Employment Opportunity Commission Office of Federal Operations ("OFO") designated this

claim as allegation nos. 7 and 8 in Hill v. Norton, OFO Appeal No. 01A43268 (2005).  Admit

only that OFO remanded this allegation for a hearing before an EEOC Administrative Judge on

September 29, 2005.  Deny the remainder of the paragraph.

Count 2 - Travel Fund Refusal

8. Deny the first sentence of paragraph 8.  Admit the second sentence that OFO

designated this claim as allegation no. 9 in Hill v. Norton, OFO Appeal No. 01A43268 (2005).

Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative

Judge on September 29, 2005.  Deny the remainder of the paragraph.

Count 2[1]- Career Training Refusal

9. Deny the first sentence of paragraph 9.  Admit the second sentence that OFO

designated this claim as allegation no. 6 in Hill v. Norton, OFO Appeal No. 01A43268, (2005).

Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative

Judge on September 29, 2005.  Deny the remainder of the paragraph.

Count 4 - Career Inhibiting Assignments

10. Deny the first sentence of paragraph 10. Admit the second sentence that OFO

designated this claim as allegation no. 12 in Hill v. Norton, OFO Appeal No. 01 A43268, (2005).

Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative

_____

[1] Plaintiff identified this claim as Count 2.

Judge on September 29, 2005.  Deny the remainder of the paragraph.

Counts[2] - Career Inhibiting Job Blocking/Steering

11. Deny the first sentence of paragraph 11.  Admit the second sentence that OFO designated this claim as allegation no. 13 in <u>Hill v. Norton</u>, OFO Appeal No. 01A43268, (2005).  Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative Judge on September 29, 2005.  Deny the remainder of the paragraph.

Count 6 - Career Inhibiting Training Refusal

12. Deny the first and second sentences of paragraph 12.  Admit the third sentence that OFO designated this claim as allegation no. 11 in <u>Hill v. Norton</u>, OFO Appeal No. 01A43268, (2005).  Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative Judge on September 29, 2005.  Deny the remainder of the paragraph.

Count 7 - Non Selection WO 99-015

13. Admit that Plaintiff was not selected for the position of Supervisory Personnel Specialist, GS14, advertised under Vacancy Announcement No. WO-99-15.  Admit that OFO designated this claim as allegation no. 4 in <u>Hill v. Norton</u>, OFO Appeal No. 01A43268, (2005).  Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative Judge on September 29, 2005.  Deny the remainder of the paragraph.

Count 8 - Refusal to Submit Application

14. Deny the first sentence of paragraph 14.  Admit the second sentence that OFO designated this claim as allegation no. 15 in <u>Hill v. Norton</u>, OFO Appeal No. 01A43268, (2005).  Admit only that OFO remanded this allegation for a hearing before an EEOC Administrative

---

[2] Plaintiff did not identify this claim by a count number.

Judge on September 29, 2005.  Deny the remainder of the paragraph.

Prayer for Relief

The remainder of Plaintiff's complaint contains his prayer for relief to which no response is required but, to the extent one may be deemed required, Defendant denies that Plaintiff is entitled to any relief.

No response is required to Plaintiffs request for a jury

Defendant denies each and every allegation contained in Plaintiff's complaint to the extent any allegations are not specifically admitted herein.

Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____

RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____

RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970