UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON HILL, Plaintiff,

v.  Civil Action No. 06-1233 (JDB)

DIRK KEMPTHORNE, Defendant.

## JOINT REPORT TO THE COURT

On behalf of the parties, defendant hereby submits the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P.; LCvR 16.3.

1.) <u>Resolution By Dispositive Motion</u>: Plaintiff takes the position that this case is unlikely to be resolved on dispositive motion. Defendant believes that the case may be resolved by dispositive motions filed after discovery is completed.

2.) <u>Amendment of Pleadings</u>: Neither party anticipates filing an amended pleading.

3.) <u>Assignment to a Magistrate Judge</u>: The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

4.) <u>Settlement Possibility</u>: The parties do not believe that settlement discussions could bring about a resolution of this case at this time. The parties believe that such discussions might be appropriate after discovery has commenced.

5.) <u>ADR</u>: The parties do not believe that ADR would be a benefit in this case at this time.

6.) <u>Resolution On Summary Judgment</u>: Plaintiff does not believe that this case can properly be resolved on summary judgment. Defendant takes the position that the case may be susceptible of resolution on summary judgment.

7.) <u>Disclosures</u>: The parties agree that disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court are required and will be made and that, in accordance with the Local Rules of the Court, initial disclosures will be made on or before 10 days after the Court issues an Initial Scheduling Order. The allegations in plaintiff's complaint date in 1999 and 2000. Electronically stored data, if any, would be that obtained during the administrative investigative process.

8.) <u>Extent Of Discovery</u>: The parties believe that the presumptive limits for discovery should apply, that is no more that 10 depositions and no more that 25 interrogatories per party.

9.) <u>Expert Witnesses</u>: At the present time, neither party anticipates presenting expert witnesses.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties do not believe that bifurcation would be useful.

12.) <u>Date for Pretrial Conference</u>: The parties believe that a pretrial conference should be scheduled following the disposition on any dispositive motions filed..

13.) <u>Trial Date</u>: The parties are amenable to having a firm trial date set at the pre-trial conference.

14.)   Other Matters:   Counsel for both parties are committed to working cooperatively with one another to take account of scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

Plaintiff's Statement Of The Case and Statutory Basis

Plaintiff stands on his complaint.

Defendant's Statement of Defenses:

Due to the generality of many of the claims in plaintiff's complaint, and the shifting nature of the allegations as reflected in the Report of Investigation concerning plaintiff's EEO complaint, defendant is unsure of exactly what plaintiff contends are the acts of discrimination upon which plaintiff is basing some of his claims, and will have to obtain clarification through the discovery process. Plaintiff cannot make out a case of discrimination or retaliation as to any claim. There was no discrimination or retaliation against plaintiff and all of the actions of defendant were done for legitimate, non-discriminatory/retaliatory reasons.

Count One: Plaintiff alleges reprisal because in September management officials allegedly allowed his co-workers and peers to have input into his appraisal and he did not receive an annual award. Plaintiff's first line supervisors had not prepared a FY98 evaluation. When this was brought to the attention of Mr. Doyle, the supervisors were not available to give him input into plaintiff's evaluation so he had to use other sources. There were two achievement levels, achieved and not achieved. Plaintiff was rated achieved. Therefore there was no material adverse action. Plaintiff did not submit before the EEO evidence that any awards were made or his entitlement to an award.

Count Two: It appears that plaintiff is alleging reprisal because he did not get a travel authorization to travel to one event while he was on a detail. There was no material adverse action.

Count Three:  In the Amended Complaint, plaintiff alleges that "in November 1999, management officials refused to allow Plaintiff to apply for career enhancing/growth training." Amended Complaint at ¶ 9."  However, before the EEO plaintiff stated that this allegation was incorrectly framed by the agency and that he actually was referring to the termination of a detail in November, 1999.   Therefore, defendant needs discovery to ascertain exactly what alleged acts are referred to in this Count.

Count Four:  Plaintiff alleges that in December 1999, management officials assigned him to **non-career enhancing details** and job, without his approval and without consulting him.  Before the EEO plaintiff stated that his allegation pertained to his FY98 performance evaluation, pertained to rewriting of his position description, but no re-written document was presented, an unspecified de facto reassignment, to being detailed to the Office or Secretary, to being pulled from the Office of Secretary detail.  Finally the Administrative Judge found that "The Complainant then stated that the allegation was misstated by the Agency in its acceptance and should have read that he **was not assigned to career enhancing details**. . . He provided no examples of this. " EEOC Case No. 100-A2-7056X,  Decision at p. 9.  Therefore, defendant hopes to obtain clarification through discovery of what precisely plaintiff is alleging were the acts of reprisal.

Count Five:   Plaintiff stated before the EEOC that Allegation 13 is the same as Allegation 12  but also appeared to allege before the EEO  "job blocking/steering" due to his reassignment to the Office of Secretary, Office of Environment Policy after returning from a training detail to the War College.  If discovery establishes that to be the allegation , plaintiff cannot show a material adverse action as there was no harm to any term or condition of his employment or any other material harm to plaintiff from the assignment.

Count Six: Plaintiff alleges that Phyllis Thompson participated in a review of his request for training and expressed racist and sexist views of plaintiff which influenced Ms. Hatfield's decision to deny the request. The EEO judge found that plaintiff presented no specific information idntifying when or how Thompson had input or the result. Thus, it appears the plaintiff cannot make out a prima facie case of discrimination/retaliation and cannot show a material adverse action.

Count Seven: Plaintiff alleges that in January 2000 he was not selected for a supervisory personnel specialist position advertised under vacancy WO 99-015. Plaintiff cannot establish a prima facie case of discrimination/retaliation because he cannot establish that he was significantly better qualified than the selectee.

Count Eight: Plaintiff cannot establish a prima facie case of discrimination/retaliation because he cannot establish that he was significantly better qualified than the selectee.

The proposed scheduling order is filed with this report.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970